IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DAVID MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:13cv608-MHT |
| ) | |
| CITY OF DOTHAN and ) | |
| BOBBY RAHAL, Mayor, ) | |
| ) | |
| Defendants. ) | |

# ORDER & RECOMMENDATION

Before the court is Plaintiff's Complaint (Doc. 1) and Motion for Leave to Amend Complaint (Doc. 7). Following a review pursuant to 28 U.S.C. § 1915A (2000), the court determined the Complaint suffered from fatal defects. Specifically, the court noted that

> [t]he Complaint alleges that Plaintiff's property was taken from him and sold for back taxes owed, in violation of 40-9-19 of the Alabama Code. Compl. (Doc. 1) at 5. Section 40-9-19 of the Alabama Code allows for exemptions to homestead *ad valorem* taxes to residents of Alabama over the age of 65, "or who are retired due to permanent and total disability, regardless of age." It is this second category upon which Plaintiff appears to rely. That is, Plaintiff asserts that he is disabled. Plaintiff also asserts that other members of his family are disabled, or deceased. These assertions leave the court with many concerns. First, Plaintiff's statements regarding his siblings makes the court wonder as to what Plaintiff's rights are to this property. The court is also concerned that Plaintiff may be attempting to assert claims on behalf of his family members. This is especially troubling where "[i]n no case shall the exemption herein made apply to more than one person, head of the family." Ala. Code 40-9-19 (2012). Second, if Plaintiff is the owner, he does not allege that he is eligible for the exemption. Plaintiff states that he is disabled, but does not indicate his disability or whether any agency, state or otherwise, has found him disabled. In addition, in order for Plaintiff to receive the exemption, the state statute requires that he be disabled as defined by the Alabama Commissioner of Revenue, and be issued a certificate to that effect. *Id.*

> Third, the court has concerns that it may not have jurisdiction over this matter. If Plaintiff's property was seized and sold due to back taxes, then, presumably, there was a state mechanism for seizure and sale of the property, which means that there either was a state or municipal proceeding, or one is still ongoing. If that is the case, the court may be precluded from hearing this action. Finally, Plaintiff provides no information regarding when the alleged wrong took place.

*See* Order of Sep. 17, 2013 (Doc. 4). Accordingly, the court ordered Plaintiff to amend his complaint to address the issues identified above.

In response, Plaintiff filed the Motion for Leave to Amend the Complaint. (Doc. 7). It is clear that while titled as a Motion, the document is the Amended Complaint. Because it was the intention that Plaintiff file an Amended Complaint, the Motion is due to be granted and Document 7 treated as the Amended Complaint.

In the Amended Complaint, Plaintiff contends (1) that he was never notified of the City's intention (presumably to sell the house for back taxes owed); (2) that he was denied Social Security Disability and appealed the decision while incarcerated (Plaintiff is presently incarcerated); (3) that the City of Dothan's sewer system had "backed up" into "this house in question"; (4) that the City was trying to take his property; and (5) that he was not notified by the probate office. *See* Am. Compl. (Doc. 7) at 1-2.

None of this alleviates the court's concerns. Plaintiff is not eligible for the exemption under Section 40-9-19 of the Alabama Code unless he issued a certificate of disability by the Alabama Commissioner of Revenue. In response to this court's concerns regarding his eligibility to proceed under this section, Plaintiff has done nothing to establish that he is the rightful owner of the property, that he is eligible for the exemption he says he was denied, and that he has timely filed for a remedy. Plaintiff

fails to even inform the court why this court has jurisdiction over any claims related to his property.  In order for Plaintiff to file a complaint pursuant to 42 U.S.C. § 1983, he must have been denied something to which he was entitled.  *See, e.g., Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1175 (11th Cir. 1993) (finding that plaintiffs must show a legitimate vested property interest to proceed under a § 1983 claim).  Plaintiff is unable to cross the threshold of showing he was entitled to notice of the sale of the property, or home, or whatever it is he alleges was improperly sold.

The screening requirement of 28 U.S.C. § 1915A requires the courts to review complaints filed by prisoners against governmental entities and dismiss them if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  The court finds that this complaint fails to state a claim upon which relief can be granted.  Plaintiff has failed to identify a federal claim and establish jurisdiction.

Accordingly, it is

ORDERED that the Motion for Leave to Amend the Complaint (Doc. 7) is GRANTED; the clerk of the court is instructed to file the Motion as Plaintiff's Amended Complaint.

Further, it is the RECOMMENDATION of the undersigned Magistrate Judge, that this case be DISMISSED pursuant to the dictates of 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before December 2, 2013.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of November, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE